UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MID-NEW YORK ENVIRONMENTAL AND        :
SUSTAINABILITY PROMOTION              :
COMMITTEE, INC., d/b/a NYenvironcom;   :
ROBERT MAJCHER; GRACE WOODARD;        :
and ALEX SCILLA,                      :          __OPINION AND ORDER__
                          Plaintiffs,   :
v.                                     :          22 CV 513 (VB)
                                       :
DRAGON SPRINGS BUDDHIST, INC.,        :
                          Defendant.    :
--------------------------------------------------------------x

Briccetti, J.:

 Plaintiffs Mid-New York Environmental and Sustainability Promotion Committee, Inc.,

doing business as NYenvironcom; Robert Majcher; Grace Woodard; and Alex Scilla bring this

citizen suit under the Clean Water Act ("CWA"), 33 U.S.C. § 1365(a), against defendant Dragon

Springs Buddhist, Inc., alleging defendant has contaminated the surrounding waterways with

impermissible levels of fecal coliform bacteria.  Plaintiffs assert claims under the CWA and state

law.

 Now pending is defendant's motion to dismiss the amended complaint pursuant to Rules

12(b)(1) and 12(b)(6).  (Doc. #17).

 For the following reasons, the motion is GRANTED.

**BACKGROUND**

I. <u>Statutory Framework</u>

 Section 1311(a) of the CWA prohibits "the discharge of any pollutant by any person,"

"except as in compliance" with certain provisions of the CWA.  33 U.S.C. § 1311(a).

 The CWA "establishes a permitting program," called the National Pollutant Discharge

Elimination System ("NPDES"), which "provides for the issuance of discharge permits ('NPDES

1

permits') that allow the holder to discharge pollutants at levels below thresholds incorporated in the permit." Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York, 273 F.3d 481, 486 (2d Cir. 2001) (citing 33 U.S.C. § 1342).[1]

"In New York, the NPDES program is administered by [the New York State Department of Environmental Conservation (the "NYSDEC")] and referred to as the State Pollution Discharge Elimination System ('SPDES')." Catskill Mountains of Trout Unlimited, Inc. v. City of New York, 273 F.3d at 486; see N.Y. Envtl. Conserv. Law §§ 17-0105(13), 17-0701. SPDES issues general permits that govern certain categories of regulated discharges, such as storm water or wastewater. See N.Y. Comp. Codes R. & Regs. tit. 6, § 750-1.21(d); City of Newburgh v. Sarna, 690 F. Supp. 2d 136, 141 (S.D.N.Y. 2010), aff'd, 406 F. App'x 557 (2d Cir. 2011) (summary order). To discharge pollutants pursuant to a general permit, an existing or proposed discharger notifies the NYSDEC of its intent to be covered by the permit. CARS (Citizens Against Retail Sprawl) v. U.S. Army Corps of Eng'rs, 2005 WL 3534178, at *4 (W.D.N.Y. Dec. 23, 2005). The NYSDEC may require a discharger to obtain an individual SPDES permit or apply for authorization under another general permit. N.Y. Comp. Codes R. & Regs. tit. 6, § 750-1.21(e).

The CWA authorizes aggrieved citizens to bring civil actions to enforce certain of the Act's requirements, including Section 1311(a), against alleged violators. See 33 U.S.C. § 1365(a) ("[A]ny citizen may commence a civil action on his own behalf . . . against any person . . . who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

limitation.").  However, at least sixty days before commencing an action, the prospective

plaintiff must provide notice of the alleged violation, also known as a notice of intent, to the

potential defendants, the United States Environmental Protection Agency ("EPA"), and the state

in which the violation allegedly occurred.  See 33 U.S.C. § 1365(b).

II.    Factual Background

        For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-

pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's

favor, as summarized below.  However, to the extent there are disputed factual issues concerning

the Court's jurisdiction, the Court refers to evidence outside the pleadings.

        Defendant operates a large compound on approximately 393 acres on the Shawangunk

Mountain in Deerpark, New York (the "Compound").  The Compound serves as headquarters for

the Falun Gong movement[2] as well as headquarters for the Shen Yun dance company.  Plaintiffs

allege the Compound's northeast side slopes steeply down towards the Basher Kill and the

Neversink River.

        Plaintiffs are a nonprofit sustainability-focused corporation and several individuals who

own or use real property near the Compound.  The individual plaintiffs are also members of the

nonprofit plaintiff.

        Plaintiffs allege defendant discharged wastewater and storm water containing fecal

coliform "well beyond the limits of [defendant's] permits and applicable law" into the Basher

Kill and Neversink River, which in turn empty into the Delaware River.  (Am. Compl. ¶¶ 3, 20).

Plaintiffs contend these discharges are the result of "illegal construction activity" at the

---

[2]      Plaintiff alleges the Falun Gong movement "promotes traditional Chinese culture and is
opposed to the Communist China government."  (Doc. #1 (Am. Compl.) ¶ 1).

Compound beginning in spring 2021 and an improperly maintained and operated wastewater treatment plant at the Compound.  (Id.)

According to the amended complaint, defendant's SPDES permit limits the amount of fecal coliform discharges to a daily mean of 200 parts per 100 ml during May 1 through September 30.  Defendant allegedly violated that permit by discharging water containing excessive amounts of fecal coliform, specifically:  461 parts per 100 ml in July 2020, 290 parts per 100 ml in August 2020, and 726 parts per 100 ml in August 2021.

On November 3, 2021, plaintiffs notified defendant, the EPA, and the NYSDEC of their intent to bring a citizen suit against defendant "due to ongoing illegal discharges, significant water quality problems, and programmatic violations of 33 U.S.C. § 1311(a), and applicable CWA violations."  (Doc. #19-1 (the "NOI") at 2).[3]

The NOI is three paragraphs long and spans two pages.  It claims defendant "is responsible for the ongoing CWA violations and the significant water quality harm to the Basha Kill and Neversink River, and adjacent ponded areas."  (NOI at 2).[4]  The NOI further states defendant "has discharged fecal coliform beyond the limits of any permit and applicable law," from defendant's property "to, inter alia, the waters of the Basha Kill from 600 to 1,000 feet southwest of the bridge at Galley Hill Road."  (Id.)  According to the NOI, "these violations of the CWA are ongoing from the period beginning on March 12, 2021, . . . . including, but not limited to," discharges of excessive fecal coliform "on March 12, 2021, June 8, 2021 and August 11, 2021."  (Id.)

---

[3]     Plaintiff Robert Majcher did not send a notice of intent.

[4]     "Basha Kill" is apparently another name for the Basher Kill.  See Basher Kill, Wikipedia, https://en.wikipedia.org/wiki/Basher_Kill (last visited Dec. 28, 2022).

Plaintiffs commenced this action on January 20, 2022, asserting claims for unlawful discharge of fecal coliform in wastewater and storm water under the CWA citizen-suit provision, as well as a common law private nuisance claim based upon the alleged water pollution.

**DISCUSSION**

I.   Standard of Review

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011), aff'd, 568 U.S. 85 (2013).

"The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)).  When a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, the Court should resolve the Rule 12(b)(1) challenge first. Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

In deciding a Rule 12(b)(1) motion at the pleading stage, the court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor," except for "argumentative inferences favorable to the party asserting jurisdiction." Buday v. N.Y. Yankees P'ship, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order).  To the extent a Rule 12(b)(1) motion places jurisdictional facts in dispute, the district court may resolve the disputed jurisdictional fact issues by referring to evidence outside the pleadings. Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam).

II.   <u>CWA Claims</u>

Defendant argues plaintiffs' NOI was insufficient, which deprives the Court of subject matter jurisdiction over the CWA claims.

The Court agrees.

A.   <u>Legal Standard</u>

The CWA requires a plaintiff to provide notice of an alleged violation at least sixty days before commencing a citizen suit "in such manner as the [EPA] Administrator shall prescribe by regulation."  33 U.S.C. §§ 1365(a), (b).  EPA regulations require the notice to include:

> sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. § 135.3(a).  This notice requirement "enable[s] the defendant to identify each violation that will be alleged" and "bring itself into compliance voluntarily, thus making a costly lawsuit unnecessary."  <u>Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York</u>, 273 F.3d 481, 488 (2d Cir. 2001).

"[T]he Second Circuit refuses to allow form to prevail over substance in considering the content required of a notice letter, and looks instead to what the particular notice given may reasonably be expected to accomplish."  <u>City of Newburgh v. Sarna</u>, 690 F. Supp. 2d 136, 147–48 (S.D.N.Y. 2010), <u>aff'd</u>, 406 F. App'x 557 (2d Cir. 2011) (summary order).  However, "[i]f a party seeking to bring a citizen enforcement action has not complied with the CWA's notice requirement, then the district court in which that action is brought lacks subject matter jurisdiction and must dismiss the action."  <u>Nat. Res. Def. Council v. Sw. Marine, Inc.</u>, 236 F.3d 985, 995 (9th Cir. 2000).

B.    Analysis

Plaintiffs failed to comply with the CWA's notice requirement because the NOI lacks

sufficient information to enable defendant to identify the alleged violations.

Although the NOI identifies the pollutant (fecal coliform), as well as dates of the alleged

violations and the waterways allegedly polluted, it does not specify, or include facts which would

enable defendant to determine, which "standard, limitation, or order" defendant allegedly

violated.  40 C.F.R. § 135.3(a).

The NOI broadly asserts defendant "has discharged fecal coliform beyond the limits of

any permit and applicable law" and committed "programmatic violations of 33 U.S.C.

§ 1311(a)."  (NOI at 2).  But Section 1311(a) does not set forth any standard for fecal coliform

discharges, or any standards governing storm water or wastewater discharges more broadly.

Instead, Section 1311(a) states "the discharge of any pollutant by any person shall be unlawful,"

"[e]xcept as in compliance" with Section 1311 and six other CWA sections.  33 U.S.C.

§ 1311(a).  The NOI's reference to Section 1311(a) is therefore "too broad to help [d]efendant[]

identify the specific standard, limitation, or order alleged to have been violated."  Karr v. Hefner,

475 F.3d 1192, 1203 (10th Cir. 2007); cf. Ohio Valley Envtl. Coal., Inc. v. Hobet Mining, LLC,

2010 WL 1286652, at *6 (S.D.W. Va. Mar. 29, 2010) (notice of intent was sufficient because, in

addition to alleging violations of Section 1311, it specified compounds that were discharged "in

excess of the final effluent limitations specified in WV/NPDES Permit 1022991").

Nor does the NOI contain specific facts, such as the fecal coliform threshold allegedly

exceeded or the nature of the unlawful discharge, which could have helped defendant pin down

which standard or permit they were accused of violating.  For example, the NOI might have been

sufficient had it contained the amended complaint's allegation that defendants discharged water

containing "daily mean in [excess] of 200 parts of Fecal Coliform permitted under [defendant's] SPDES Permit" (Am. Compl. ¶ 44), or that testing revealed "726 parts of Fecal Coliform per 100 ml" in August 2021, "290 parts per 100 ml" in August 2020, or "461 parts per 100 ml" in July 2020, all of which plaintiffs determined through testing performed prior to sending the NOI. (Id. ¶¶ 44–45). Furthermore, the NOI—unlike the amended complaint—does not specify whether the violations relate to discharges of wastewater or storm water or identify the point source from which water is being discharged.

Because the NOI's general references to the CWA and sparse factual allegations do not enable defendant to identify which effluent discharge limitation it allegedly violated, plaintiffs have failed to comply with the CWA's notice requirement and their CWA claims must be dismissed. See U.S. E.P.A. ex rel. McKeown v. Port Auth. of N.Y. & N.J., 162 F. Supp. 2d 173, 175 (S.D.N.Y. 2001), aff'd sub nom., McKeown v. Del. Bridge Auth., 23 F. App'x 81 (2d Cir. 2001) (summary order) (dismissing CWA suit for insufficient notice when "[m]ost importantly, plaintiffs did not identify . . . any specific effluent standards defendants allegedly violated under the CWA"); cf. Cal. Sportsfishing Prot. All. v. Shiloh Grp., LLC, 268 F. Supp. 3d 1029, 1040, 1051–52 (N.D. Cal. 2017) (deeming sufficient a notice that was "not a model of clarity" but identified the discharges as "underground storm water conveyances" associated with industrial activity and "identifie[d] the specific [storm water] standards Defendants are alleged to have violated (Section 301(a) of the CWA and 40 C.F.R. § 122.30(a))."[5]

---

[5]     Plaintiffs cite cases in which courts excused certain technical deficiencies in notices of intent, but those cases are factually distinct and do not support plaintiffs' argument that their NOI was sufficient. See, e.g., Pub. Int. Rsch. Grp. of N.J., Inc. v. Hercules, Inc., 50 F.3d 1239, 1248 (3d Cir. 1995) (claim for monitoring violation could proceed when notice described a discharge violation for the same limitation at the same outfall on the same day); Bettis v. Town of Ontario, 800 F. Supp. 1113, 1118 (W.D.N.Y. 1992) (dismissing CWA suit for insufficient notice but stating in dicta that "some of the more technical departures from the [CWA's notice]

Accordingly, plaintiffs' CWA claims must be dismissed, "without prejudice to refiling after submission of a conforming NOI letter and after the 60-day delay required by the CWA." Catskill Mountains of Trout Unlimited, Inc. v. City of New York, 273 F.3d at 485.[6]

III.     Private Nuisance Claim

Pursuant to 28 U.S.C. § 1367(c), having dismissed the federal claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state-law claim for private nuisance.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.").

**CONCLUSION**

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Docs. ##10, 17) and close this case.

Dated: December 28, 2022
        White Plains, NY

                              SO ORDERED:

                              _____
                              Vincent L. Briccetti
                              United States District Judge

requirements could perhaps be forgiven" because of plaintiff's pro se status and efforts to seek help from government agencies).

[6]     Although the Court grants defendant's motion to dismiss the CWA claims under Rule 12(b)(1), plaintiffs' CWA claims could likewise be dismissed under Rule 12(b)(6) for the same deficiencies in the NOI.  See City of Newburgh v. Sarna, 690 F. Supp. 2d at 152–53 ("Regardless of whether compliance with § 1365(b)(1)(A) is a jurisdictional or merely procedural requirement, it is a mandatory, not optional, condition precedent for suit." (quoting Hallstrom v. Tillamook Cnty., 493 U.S. 20, 26 (1989))).